KOG:USAO#2022R00351

MJH 6/12/22

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **CRIMINAL NO.** 22-cr-00209-PJM |
| **v.** | : |
| | : **(Attempt to Assassinate Justice of** |
| **NICHOLAS JOHN ROSKE,** | : **United States, 18 U.S.C. § 351(c);** |
| | : **Forfeiture, 18 U.S.C. § 981(a)(1)(G),** |
| **Defendant.** | : **21 U.S.C. § 853(p) and 28 U.S.C. §** |
| | : **2461(c))** |

...oOo...

## INDICTMENT

The Grand Jury for the District of Maryland charges:

## COUNT ONE

(Attempt to Assassinate Justice of United States)

On or about June 8, 2022, in the District of Maryland and elsewhere, the

defendant,

**NICHOLAS JOHN ROSKE,**

with the intent to kill, did attempt to kill a Justice of the United States, as defined in section 451

of Title 28 of the United States Code; to wit: an Associate Justice of the Supreme Court of the

United States.

18 U.S.C. § 351(c)

USDC - GREENBELT
'22 JUN 15 PM 2:27

**FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1.        Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(G), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

2.        Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**NICHOLAS JOHN ROSKE,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign or domestic (a) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing a violation of 18 U.S.C. § 351, and/or (b) derived from, involved in, or used or intended to be used to commit a violation of 18 U.S.C. § 351.

3.        The property to be forfeited includes, but is not limited to, the following:

  a.  Glock 17 firearm, serial number BTMH315;

  b.  Two Glock magazines containing approximately 10 rounds each of 9mm ammunition;

  c.  Approximately 17 rounds of 9mm ammunition contained in a plastic bag;

  d.  Black speed loader;

  e.  Streamlight TLR4 light and laser, serial number 1220183560;

  f.  Pair of black hard-knuckled tactical gloves;

  g.  ComfortTac belly band holster;

  h.  Black tactical chest rig with pepper spray and black Gerber knife;

i. ASP-Micro TM160 thermal imaging monocular, serial number J25159811;

j. Black face mask; and

k. Lock picking and burglary tools.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(G)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

A TRUE BILL:

           _Erek L. Barron /AE_

**SIGNATURE REDACTED**

           Erek L. Barron
           United States Attorney

_____
Foreperson

6/15/22
Date