UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  Criminal No. PJM-22-209 |
| | : |
| NICHOLAS JOHN ROSKE, | : |
| | : |
| Defendant. | : |
| | : |
| | : |

...oOo...

## CONSENT MOTION FOR ORDER
## REGARDING SPEEDY TRIAL STATUS

The United States of America, by its undersigned attorneys, hereby moves for the entry of an order regarding the speedy trial status of this matter. In support of this motion, the government states as follows:

1. On June 8, 2022, the defendant was arrested and made his initial appearance on a Criminal Complaint charging him with a violation of 18 U.S.C. § 115(a)(1)(A)(Attempt to Murder United State Judge).  At the initial appearance, the defendant consented to pretrial detention and he remains in custody to date.

2. On June 15, 2022, the grand jury returned a one count Indictment against the defendant, charging him with attempted assassination of a United States Supreme Court Justice in violation of 18 U.S. C. § 351(c). The defendant made his initial appearance and was arraigned on the Indictment on June 22, 2022.

3. On July 5, 2022, with no objection from the government, the defendant moved for a continuance of the trial date and for an extension of the pretrial motions deadline to September 6, 2022. This Court granted that motion on July 6, 2022.

4. On July 12, 2022, the defendant filed a Motion to Suppress Statements and a Motion for Leave to File Additional Pretrial Motions.  Those motions are pending.

5. Under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion …" shall be excluded in computing the time period within which a defendant must be tried.

6. Twenty days have passed from the time that the defendant first appeared on the charge in the Indictment and the filing of the defendant's two pretrial motions. Those motions remain pending and there has been no hearing or other final disposition.  Accordingly, only twenty days have passed under the Speedy Trial Act and the computation of the time in which the defendant must be tried should not include the period of time between the filing of the defendant's pretrial motions and the conclusion of a hearing or final disposition as to those motions.

7. Undersigned government counsel has consulted with defense counsel, Andrew Skekely, counsel for the defendant, who has advised that there is no objection to this motion.

WHEREFORE, the United States respectfully requests that this Court enter an Order finding that the period of time between the filing of the defendant's Motion to Suppress Statements and Motion for Leave to File Additional Motions and the conclusion of any hearing or other final disposition as to those motions be excluded for purposes of calculating the time under the Speedy Trial Act in which the defendant must be tried.

A proposed Order is attached for the Court's consideration.

                                          Respectfully submitted,

                                          Erek L. Barron
                                          United States Attorney

By:                        /s/
                                          Kathleen O. Gavin
                                          Assistant United States Attorney
                                          36 South Charles Street
                                          Fourth Floor
                                          Baltimore, Maryland 21201
                                          (410) 209-4800

                                          *Filed via ECF/CM*