# **EXHIBIT 9**

```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
                              SOUTHERN DIVISION

_____
                               )
UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )Criminal No. 22-mj-1848-TJS
vs.                            )
                               )
NICHOLAS JOHN ROSKE,           )
                               )
     Defendant.                )
_____)

                    TRANSCRIPT OF INITIAL APPEARANCE
              BEFORE THE HONORABLE TIMOTHY J. SULLIVAN
                      JUNE 8, 2022 AT 3:27 P.M.
```

APPEARANCES:

    ON BEHALF OF THE PLAINTIFF:
      KATHLEEN GAVIN, ESQUIRE

    ON BEHALF OF THE DEFENDANT:
      ANDREW R. SZEKELY, ESQUIRE

    ALSO PRESENT:
      IRMA DASOVIC, PRETRIAL


```
           Proceedings Recorded by Audio Recording
       Transcript Produced By Computer-Aided Transcription


                          Reported by:
                    Ronda J. Thomas, RMR, CRR
                     Federal Official Reporter
                 101 W. Lombard Street, 4th Floor
                      Baltimore, Maryland 21201
```

```
 1  (3:27 p.m.)
 2          THE COURT:  Good afternoon.  Everybody can have a
 3  seat.
 4          THE CLERK:  Good morning, Your Honor.
 5          THE COURT:  Here's the COVID rule:  As long as
 6  everyone is in the courtroom they have to remain masked.
 7  Counsel, if you're fully vaccinated and boosted you can take
 8  your mask off when you're speaking behind the podium, other
 9  than that, everyone has to wear a mask, including yours truly.
10        Government call the case.
11          MS. GAVIN:  Yes, Your Honor.  The Government calls the
12  case of United States of America versus Nicholas John Roske.
13  Case number 22-mj-1848-TJS.  Kathleen Gavin on behalf of the
14  Government.  We are here for an initial appearance on a
15  criminal complaint.
16          THE COURT:  Good afternoon.  Mr. Szekely, good
17  afternoon.
18          MR. SZEKELY:  Good afternoon, Your Honor.  Andrew
19  Szekely on behalf of Mr. Roske who is seated to my immediate
20  left this morning.
21          THE COURT:  Thank you.  Good afternoon, Mr. Roske.
22          THE DEFENDANT:  Good afternoon.
23          THE COURT:  Mr. Roske, please keep your voice up
24  because we're recording everything, and we have to make sure we
25  have a clear voice and everybody can hear you, and we get your
```

1  voice captured electronically.
2      Sir, my name is Tim Sullivan.  I'm one of the United
3  States Magistrate judges.  You're now in the United States
4  District Court for the District of Maryland.  This is federal
5  court.  You're here because a criminal complaint has been filed
6  charging you with a commission of a federal crime.
7      Today we're here to do your initial appearance.  At this
8  initial appearance, we're going to talk about the nature of the
9  charge against you, talk about important constitutional rights
10 that you have as a criminal defendant, talk about your release
11 status, and set any future dates.
12     Do you understand that?
13         **THE DEFENDANT:**  Yes.
14         **THE COURT:**  If at any time you have any questions and
15 you want me to further explain something and you want a chance
16 to talk to Mr. Szekely, just ask, and I'll certainly let you do
17 that.  I want to make sure you understand everything that's
18 going on today.  All right?
19         **THE DEFENDANT:**  I understand.
20         **THE COURT:**  Let me swear you in.  Could you please
21 raise your right hand and stand, please.
22     (Defendant sworn.)
23         **THE COURT:** Thank you. You can put your hand down and
24 have a seat.  Thank you.
25     Sir, what's your full name?

```
 1              THE DEFENDANT:  Nicholas John Roske.
 2              THE COURT:  Mr. Roske, how old are you?
 3              THE DEFENDANT:  26 years old.
 4              THE COURT:  How old?
 5              THE DEFENDANT:  Twenty-six.
 6              THE COURT:  Okay.  Thank you.  How far did you go in
 7   school?
 8              THE DEFENDANT:  I got my bachelor's degree.
 9              THE COURT:  So you're a college graduate?
10              THE DEFENDANT:  Correct.
11              THE COURT:  Okay.  So you read, write, and understand
12   the English language?
13              THE DEFENDANT:  Correct.
14              THE COURT:  Are you a United States citizen?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Are you currently under the influence of
17   any drugs, alcohol, or medication that would in any way
18   interfere with your ability to understand these proceedings?
19              THE DEFENDANT:  No.
20              THE COURT:  Within the last 24 to 48 hours, have you
21   had any drugs or alcohol?
22              THE DEFENDANT:  No.
23              THE COURT:  Are you thinking clearly, understand
24   what's going on today, and know what's happening to you?
25              THE DEFENDANT:  I think I'm reasonably understanding,
```

```
 1  but I wouldn't say I'm thinking clearly.
 2          THE COURT:  Okay.  Could you tell me more about that?
 3  Are you on any kind of medications?
 4          THE DEFENDANT:  Yes.
 5          THE COURT:  And have you been taking those medications
 6  as prescribed by a doctor?
 7          THE DEFENDANT:  Yes.
 8          THE COURT:  Okay.  And have you taken them today?
 9          THE DEFENDANT:  Yes.
10          THE COURT:  Okay.  And why is it that you're not
11  thinking clearly or kind of foggy?
12          MR. SZEKELY:  If I could have a moment, Your Honor?
13          THE COURT:  Sure.  Yes.
14      (Counsel conferring with Defendant.)
15          MR. SZEKELY:  Thank you very much, Your Honor.
16          THE COURT:  All right.  So are you thinking clear
17  enough that we can continue with this?  Or do you want to take
18  a break?  Do you not understand what's happening?
19          THE DEFENDANT:  I have a clear enough understanding.
20          THE COURT:  Okay.  All right.  Have you received a
21  copy of the criminal complaint and the affidavit in support of
22  the criminal complaint?
23          THE DEFENDANT:  Yes, I have.
24          THE COURT:  In the criminal complaint, sir, you're
25  charged with a violation of Title 18 of the United States Code
```

```
 1  § Section 115(a)(1)(A) attempt to kidnap or murder, threaten to
 2  assault, kidnap or murder a United States judge, to wit:  A
 3  current Justice of the United States Supreme Court.
 4       Mr. Roske, my first question to you is, do you generally
 5  understand the nature of that charge contained in the criminal
 6  complaint?
 7            THE DEFENDANT:  Yeah.
 8            THE COURT:  Yeah.  I don't want to -- just -- I know
 9  you just got arrested, and you're just getting charged, and I
10  don't expect you to know all of the details.  Just at a
11  30,000-foot level, do you understand the nature of this
12  specific charge against you today?
13            MR. SZEKELY:  May I have one brief indulgence?
14            THE COURT:  Sure.
15       (Counsel conferring with Defendant.)
16            MR. SZEKELY:  Thank you, Your Honor.
17            THE COURT:  So do you understand, Mr. Roske, the
18  charge against you today?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Sir, the maximum possible penalty is 20
21  years in the custody of the Attorney General of the United
22  States and the Bureau of Prisons; there is no parole in the
23  federal system; a fine of up to $250,000; up to three years of
24  supervised release; and a 100-dollar special assessment.
25       Sir, do you now understand not only the nature of the
```

1  charge against you but also the maximum possible penalties?
2      **THE DEFENDANT:** I do.
3      **THE COURT:** Mr. Roske, you have very important
4  constitutional rights that I want to review with you. You have
5  the Fifth Amendment right to remain silent. Nobody can make,
6  force, or coerce you to say anything. Anything you say may be
7  used against you.
8      Sir, do you understand your Fifth Amendment right to
9  remain silent?
10     **THE DEFENDANT:** I do.
11     **THE COURT:** Sir, you also have the very important
12 Sixth Amendment right to be represented by an attorney at every
13 stage of these proceedings. There are two ways of getting an
14 attorney in federal court. The first is hire your own, use
15 your own money, your own resources, hire whoever you want. He
16 or she will enter his or her appearance with the court.
17 They'll be your retained counsel, your counsel of choice. The
18 Sixth Amendment also guarantees people who can't afford counsel
19 the constitutional right to have a lawyer represent them from
20 the initial appearance until the time their case concludes.
21     I have a financial affidavit here. Are you asking the
22 court to consider the appointment of counsel for you this
23 afternoon?
24     **THE DEFENDANT:** Yes.
25     **THE COURT:** And is everything on this financial

```
 1  affidavit true and correct and signed by you today under the
 2  penalties of perjury?
 3          THE DEFENDANT:  Yes.
 4          THE COURT:  The court, having reviewed the financial
 5  affidavit and the representations of Mr. Roske, finds that he's
 6  qualified for court-appointed counsel.  The court will appoint
 7  the Office of the Federal Public Defender to represent him in
 8  this matter.
 9      Mr. Roske, I just appointed the Federal Public Defender to
10  represent you.  Mr. Szekely is an assistant federal defender.
11  I've known him for a considerable amount of time.  He's an
12  excellent attorney.  I know he and his colleagues will work
13  hard to represent you, and you need to work with them as well.
14  Do you understand that?
15          THE DEFENDANT:  Yes.
16          THE COURT:  As required by Rule 5(f), the United
17  States is ordered to produce all exculpatory evidence to the
18  defendant pursuant to *Brady v. Maryland* and its progeny.  Not
19  doing so in a timely manner may result in sanctions, including
20  exclusion of the evidence, adverse jury instructions, dismissal
21  of charges, contempt proceeding, vacating a conviction, or
22  disciplinary action against the prosecution.
23      Ms. Gavin, do you understand the Government's obligation
24  under the Due Process Protections Act?
25          MS. GAVIN:  Yes, Your Honor.
```

1    **THE COURT:** Consistent with the statute, I'll enter a
2 written order to this effect as well at the conclusion of the
3 hearing.
4    Government on release?
5    **MS. GAVIN:** Your Honor, it's my understanding that the
6 Defendant is consenting to detention at this time?
7    **THE COURT:** Mr. Szekely?
8    **MR. SZEKELY:** Correct, Your Honor.
9    **THE COURT:** Mr. Roske, let me explain to you a couple
10 of things. Every criminal defendant who's charged has the
11 absolute right to have a hearing in front of a judicial officer
12 to determine whether release conditions or detention is
13 appropriate. Release conditions means that you can be returned
14 to the community under supervision of pretrial services. It
15 can include home detention, electronic monitoring, wearing an
16 ankle bracelet. A lot of different things. But it will allow
17 you to remain in the community pending the charges.
18    The other is detention, that under the Bail Reform Act a
19 judge listens to the lawyers on both sides and uses the factors
20 in the Bail Reform Act and that judge determines that there are
21 no conditions or combination of conditions that will reasonably
22 ensure the safety of the community or risk of nonappearance and
23 remands you to the custody of the Marshal Service through the
24 time your case gets through the system.
25    Right now, Mr. Szekely told me that you are agreeing to

stay in custody.  Is that correct?

**MR. SZEKELY:**  Your Honor, if I can clarify.  Agreeing, reserving our right to later return to the Court.

**THE COURT:**  I'll get to that in a second.

**THE DEFENDANT:**  Yes.

**THE COURT:**  You understand that the decision to consent to detention is made by you without prejudice, that at any time if you want to have a hearing to determine whether release conditions are appropriate, if you have a proposed third-party custody or you have some kind of plan that would -- you want to argue would allow you to return to the community pending the disposition of this case, Mr. Szekely certainly knows how to file the appropriate motion and get back in front of me or one of my colleagues very quickly.

So the bottom line, the decision for you today to stay in custody can be revisited at any time by you.  Do you understand that?

**THE DEFENDANT:**  I do.

**THE COURT:**  All right.  Mr. Szekely, I have the communication health need form.  Is there anything else that I should be aware?

**MR. SZEKELY:**  If the Government and I could briefly approach on the communication of health forms matter?

**THE COURT:**  Yes.

(Whereupon, the following conference was held at the

```
 1  bench:)
 2          THE COURT:  The approach the bench has kind of gone
 3  out the window with the six-foot --
 4          MS. GAVIN:  I know, right.
 5          MR. SZEKELY:  Thank you, Your Honor.
 6      One of Mr. Roske's ███████ medications, he's due to have a
 7  dose.  He's supposed to take it every 12 hours.  He took it
 8  5:00 a.m.  The marshals tell me he's going to Chesapeake.  I
 9  don't think he's going to get there by then.  The marshals have
10  in their custody his medication, and I would ask if the Court
11  permit the marshals to let him take his medication before he
12  heads out of the courthouse today.
13          THE COURT:  Hey Chris, can one of deputies come up.
14  Doesn't matter.
15      Hi, this guy is on some kind of ███████ medicines he has
16  to take it every 12 hours.  You guys have it or he has it,
17  could you make sure he gets it before you transport him to
18  Chesapeake.
19          U.S. MARSHAL:  Yes, sir.
20          THE COURT:  If you need an order, I'm ordering you to
21  make sure he gets his medication before because it gets him off
22  schedule if he doesn't get it.  Okay?
23          U.S. MARSHAL:  Yes, sir.
24          THE COURT:  Okay.  Thank you.
25      Anything else?
```

1        **MR. SZEKELY:**  No.

2        **THE COURT:**  Okay.

3     (Whereupon, the bench conference was concluded.)

4        **THE COURT:**  All right.  So that matter will be
5  resolved.

6     Ms. Singletary, you need to set a preliminary hearing
7  because Mr. Roske has consented.

8        **THE CLERK:**  Yes, Your Honor.  It is June the 22nd at
9  4:00 p.m.

10       **THE COURT:**  Mr. Roske, I'm going to schedule a
11 preliminary hearing for June 22nd, 2022, at 4:00 p.m.
12 Preliminary hearing, frankly, never occurs.  Usually the
13 lawyers waive it.  But if a grand jury of the court doesn't
14 return an indictment against you, which is another type of
15 charging document, if there is no indictment returned against
16 you, you have the right to have a preliminary hearing.
17 Mr. Szekely can explain that to you.  It can be continued by
18 the parties.  It can be waived.  But Mr. Szekely will explain
19 the intricacies of a preliminary hearing to you.  Okay?

20    Sir, do you have any other questions or concerns or issues
21 that you want to raise with me at this time?

22       **MR. SZEKELY:**  Thank you, Your Honor.  Nothing further.

23       **THE COURT:**  All right.  Thank you all very much.

24       **THE CLERK:**  All rise.  This Honorable Court now stands
25 adjourned.

Ronda J. Thomas, RMR, CRR - Federal Official Reporter

1    (Adjourned at 3:42 p.m.)

Ronda J. Thomas, RMR, CRR - Federal Official Reporter

        I, Ronda J. Thomas, certify that the foregoing is a true, correct, and complete transcript of the audio-recorded proceedings in the above-entitled matter, audio recorded via FTR Gold on June 8, 2022and transcribed from the audio recording to the best of my ability, and that said transcript has been compared with the audio recording.

                    Dated this 8th day of January 2025.


                    _____
                    *Ronda J. Thomas*
                    Ronda J. Thomas, RMR, CRR
                    Federal Official Court Reporter