IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| v. | : | Case No. DLB-22-0209 |
| | : | |
| **NICHOLAS ROSKE,** | : | |
| | : | |
| **Defendant** | : | |

**MOTION FOR LEAVE TO FILE REDACTED SENTENCING MEMORANDUM,
REDACTED EXHIBITS, AND SEALED EXHIBITS**

Nicholas Roske, the Defendant, by and through Andrew R. Szekely and Ellie Marranzini, Assistant Federal Public Defenders, hereby moves pursuant to Local Rule 207.2, for leave to file a redacted, public sentencing memorandum, a full unredacted copy of her memorandum under seal, and to seal several exhibits, in whole or in part.[1] In support Ms. Roske states as follows.

**LEGAL STANDARD**

Local Rule 207.2 provides:

> Any post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will rule on such motion after sufficient time has passed to permit the filing of objections. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw or redact the materials.

When deciding whether to seal or otherwise restrict access to judicial documents, courts must balance competing interests.

---

[1] The case is captioned as United States v. *Nicholas John Roske.* That name remains Ms. Roske's legal name, and she has not asked to recaption the case. Out of respect for Ms. Roske, the balance of this pleading and counsel's in-court argument will refer to her as Sophie and use female pronouns.

1

> On one hand, 'the Supreme Court [has] recognized a common law right to inspect and copy judicial records and documents, In re. Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). However, '[t]his right of access to court records is not absolute,' and '[t]he trial court . . . may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.' See id."

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).

In *Harris*, the Fourth Circuit reversed the district court's denial of a request to restrict public access to the defendant's sentencing memorandum, "which contained private and personal details about Harris and his wife and child, as well as photographs," and directed to the district court to allow Mr. Harris to file portions of his sentencing memorandum under seal that identified his family."

In so holding, the *Harris* court explained that "Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access. . . ." Consistent with this interest, Local Rule 213 mandates the confidentiality of presentence reports, designating them as a "confidential internal court document to which the public has no right of access."

In addition to the family information in *Harris*, this Court has held that psychiatric reports are also properly sealed because they "contain[] significant personal, medical, and identifying details not otherwise public." *Doe v. Darden Restaurants, Inc.*, 736 F.Supp.3d 297 (D. Md. 2024). *See also Taylor v. Wexford Health Sources, Inc*, 737 F.Supp.3d 357 (S.D.W.Va. 2024) (holding that sealing plaintiff-inmate's medical records in a suit against a jail health services provider was proper because the plaintiff had a compelling interest in maintaining the privacy of his medical records that substantially outweighed the public's interest in accessing those exhibits).

## ARGUMENT

Ms. Roske's request to file a redacted sentencing memorandum and sealed exhibits comports with the Local Rule as well as other authority. The portions of the sentencing memorandum Ms. Roske seeks to seal address two main areas: her mental health and information related to her offense that contains personally identifying information of witnesses.

As to the former, Ms. Roske's request to seal portions of her sentencing submission, including exhibits, is on all fours with *Doe* and *Taylor*. The redacted portions and sealed exhibits contain detailed diagnostic information, information gathered from otherwise privileged medical records, medication information, and other details of Ms. Roske's health that are properly sealed.

The exhibits Ms. Roske asks to seal pursuant to *Doe* and *Taylor* include medical records (Exhibits 4 and 14), expert reports based on medical records (Exhibits 2, 15, 16, 17, and 18), a resource document outlining treatment options for Ms. Roske upon her release (Exhibit 13), and portions of letters from Ms. Roske's sister and parents addressing Ms. Roske's mental health history (Exhibit 3).

As to the latter basis for sealing, Exhibits 6, 6A, 7, 7A, and 9 contain non-public details of Ms. Roske's case including the unredacted identity of the Associate Justice named in the Indictment and the location of the Justice's residence. Several of the exhibits are taken from security cameras at the Justice's residence and should also be sealed to prevent the release of information relating to security measures.

Wherefore Ms. Roske requests that the Court docket her redacted sentencing memorandum, place the full memorandum under seal, and seal, in whole, Exhibits 2, 3, 4, 6, 6A, 7, 7A, 9, 13, 14, 15, 16, 17, and 18.

Respectfully submitted,

James Wyda
Federal Public Defender
 for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely
Ellie Marranzini
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email: andrew_szekely@fd.org
           ellie_marranzini@fd.org

4