IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. DLB-22-209 |
| NICHOLAS JOHN ROSKE, | * | |
| Defendant | * | |

******

## CONSENT MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its undersigned attorneys, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On June 15, 2022, a federal grand jury sitting in the District of Maryland returned an Indictment charging Nicholas John Roske (the "Defendant") with Attempt to Assassinate Justice of United States, in violation of 18 U.S.C. § 351(c) (Count One). ECF No. 10.

2. The Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offense alleged in Count One of the Indictment.

3. On April 8, 2025, the Defendant pled guilty to the offense alleged in Count One of the Indictment. ECF No. 82. In light of the Defendant's guilty plea, and the facts proffered in the government's plea memorandum to the Court, ECF No. 81, and the government's sentencing submission, ECF Nos. 98 and 103, the United States has established the requisite

1

nexus between the below Subject Property and the offense to which the Defendant pled guilty. Accordingly, the following assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offense are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2):

(1) Glock 17 firearm, serial number BTMH315 (22-FBI-006051);

(2) two Glock magazines containing approximately 10 rounds each of 9mm ammunition (22-FBI-006052);

(3) approximately 17 rounds of 9mm ammunition contained in a plastic bag (22-FBI-006052);

(4) black speed loader (22-FBI-006055);

(5) Streamlight TLR4 light and laser, serial number 1220183560 (22-FBI-006055);

(6) pair of black hard-knuckled tactical gloves (22-FBI-006055);

(7) Comfort Tac belly band holster (22-FBI-006055);

(8) black tactical chest rig with pepper spray and black Gerber knife (22-FBI-006055);

(9) ASP-Micro TM160 thermal imaging monocular (22-FBI-006055);

(10) black face mask (22-FBI-006055);

(11) lock picking and burglary tools (22-FBI-006055);

(12) miscellaneous tools including a red hammer, a blue nail punch, a yellow and black screwdriver, a red screwdriver, a black crowbar, and one roll of duct tape; and

(13) black American Tourister suitcase;

(14) gray Snapsafe lockbox;

(15) four black zipties; and

(16) approximately $29.00 in U.S. currency

(collectively, the "Subject Property").

4.	Pursuant to 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property.

5.	Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

6.	This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

7.	The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

8.	The United States also seeks authority to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

9. Counsel for the United States conferred with counsel for the Defendant who indicated that Defendant consents to the forfeiture of the Subject Property.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/
Thomas M. Sullivan
Coreen Mao
Assistant United States Attorneys