# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. DLB-22-209 |
| NICHOLAS JOHN ROSKE, | * | |
| Defendant | * | |

*******

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on June 15, 2022, a federal grand jury sitting in the District of Maryland returned an Indictment charging Nicholas John Roske (the "Defendant") with Attempt to Assassinate Justice of United States, in violation of 18 U.S.C. § 351(c) (Count One). ECF No. 10; and

WHEREAS, the Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offense alleged in Count One of the Indictment; and

WHEREAS, on April 8, 2025, the Defendant pled guilty to the offense alleged in Count One of the Indictment. ECF. No. 82; and

WHEREAS, in light of the Defendant's guilty plea, and the facts proffered in the government's plea memorandum to the Court, ECF No. 81, and the government's sentencing submission, ECF Nos. 98 and 103, the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty. Accordingly, the following assets derived from or obtained by the Defendant as a result of, or used to facilitate the

commission of, the Defendant's offense are subject to forfeiture to the United States pursuant to (forfeiture statute) and Rule 32.2(b)(2):

(1) Glock 17 firearm, serial number BTMH315 (22-FBI-006051);

(2) two Glock magazines containing approximately 10 rounds each of 9mm ammunition (22-FBI-006052);

(3) approximately 17 rounds of 9mm ammunition contained in a plastic bag (22-FBI-006052);

(4) black speed loader (22-FBI-006055);

(5) Streamlight TLR4 light and laser, serial number 1220183560 (22-FBI-006055);

(6) Pair of black hard-knuckled tactical gloves (22-FBI-006055);

(7) Comfort Tac belly band holster (22-FBI-006055);

(8) Black tactical chest rig with pepper spray and black Gerber knife (22-FBI-006055);

(9) ASP-Micro TM160 thermal imaging monocular (22-FBI-006055);

(10) black face mask (22-FBI-006055);

(11) lock picking and burglary tools (22-FBI-006055); and

(12) miscellaneous tools including a red hammer, a blue nail punch, a yellow and black screwdriver, a red screwdriver, a black crowbar, and one roll of duct tape; and

(13) black American Tourister suitcase;

(14) gray Snapsafe lockbox;

(15) four black zipties; and

(16) approximately $29.00 in U.S. currency

(collectively, the "Subject Property"); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

3. Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

7. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

8. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property,

shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

11. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

12. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

_____  
Date

_____  
The Honorable Deborah L. Boardman  
United States District Judge